NOT FOR PUBLICATION

United States District Court
for the District Of New Jersey

| | |
|---|---|
| COLLEEN KROL,<br>    Plaintiff,<br>vs.<br><br>STEVEN CRAWFORD and JOHN DOES # 1 to # 5, individually and as officers and employees of the Township of Mendham and JOHN DOES #6 to 10, individually and as officers and employees of the State of New Jersey; and the Township of Mendham, a New Jersey municipal corporation | Civil No.: 12-7456 (KSH)<br><br>**Opinion** |

**Katharine S. Hayden, U.S.D.J.**

## I.  Introduction

Plaintiff Colleen Krol sued members of the Mendham Township police department, as well as the Township itself and five New Jersey state police officers, for allegedly interfering with her right to protest. The Mendham Township defendants now move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted; in the alternative, they seek to have this Court consider materials outside of the complaint and grant summary judgment in their favor under Fed. R. Civ. P. 12(d) and 56. [D.E. 5.] For the following reasons, the motion will be granted in part and denied in part, the complaint will be dismissed in part, and Krol will be granted leave to amend.

In her complaint [D.E. 1], Krol describes herself as a "zealous advocate against hunting," who has "participated in many demonstrations against bear hunting in New Jersey"—activity

1

that has made her "well known to government officials."[1] (Compl. ¶ 6.) Her prior protests have taken place "at the homes of past New Jersey governors" and "elected members of the State Senate and Assembly." (Compl. ¶ 9.) Krol is also disabled, suffering from "a disk injury at L5-S1, degenerative thoracic, cervical and lumbar disk disease and levator ani syndrome which leaves her unable to move without great difficulty." (Compl. ¶ 7.)

In December 2010, Krol "wished to stage and participate in" a bear-hunting protest "at the [Mendham] home of Governor Chris Christie, [] the governor of the State of New Jersey." (Compl. ¶ 10.) Governor Christie resided off a public street. (Compl. ¶¶ 11–12.) Krol informed defendant Crawford, then the Chief of the Mendham Police Department, about her plans. (Compl. ¶ 14.) Crawford told Krol that she would be allowed to protest, but only between the hours of 1:00P.M. and 3:00P.M. Furthermore, she would have to remain at the edge of the road, would not be allowed to sit, and would have to park hundreds of feet away from the protest site—restrictions which Krol, as a disabled person, found to be quite onerous. (Compl. ¶¶ 15–19.) Krol further alleges that five state-police John Does convinced Crawford to impose these restrictions on her, and that Mendham Township police John Does "enforced" them "by the threat of arrest, prosecution and incarceration." (Compl. ¶¶ 21–22.) Finally, Krol maintains that these "limitations imposed on protestors" were a manifestation of an "official policy" of the Township. (Compl. ¶¶ 23–24.)

The complaint sets forth 16 causes of action that track the various defendants' alleged violations of the federal constitution (through 42 U.S.C. § 1983), the Americans with Disabilities Act (ADA), the New Jersey constitution, the New Jersey Civil Rights Act (N.J. Stat. Ann. § 10:6-1 *et seq.*), and the New Jersey Law Against Discrimination (N.J. Stat. Ann. § 10:5-1 *et*

---

[1] For the purpose of evaluating the defendants' motion to dismiss, all allegations in the complaint are taken as true. *See, e.g.*, *Ayers v. Phila. Hous. Auth.*, 908 F.2d 1184, 1194 (3d Cir. 1990) ("Federal Rule of Civil Procedure 12(b)(6) . . . requires all well-pleaded allegations to be taken as true.").

*seq.*). (Compl. ¶¶ 25–64.) Two Mendham police John Does who are not otherwise referred to anywhere in the factual narrative paragraphs of the complaint are sued in claims five and six, where they are accused of "ratifying[] and/or authoring and/or approving" Crawford's actions. (Compl. ¶¶ 37–42.)

## II. Discussion[2]

### A) *Standard*

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the now-familiar *Twombly*/*Iqbal* standard requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions, as well as facts that are not well-pleaded, are to be disregarded; and if what remains, as well as reasonable inferences drawn therefrom, fails to "show" an entitlement to relief, the complaint will be dismissed. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

Because a Rule 12(b)(6) motion is a test of the complaint itself, it is generally improper for a court to consider matters outside of the pleadings in ruling on the motion, although a court may look to exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that form the basis of the complaint. *See Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013). A court may look outside of the pleadings if it converts a 12(b)(6) motion into one requesting summary judgment, *see* Fed. R. Civ. P. 12(d), but the decision to do so is "committed to the district court's discretion." *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 n.11 (3d Cir. 1992); *see also United States v. Int'l Longshoremen's Ass'n*,

---

[2] The motion to dismiss was filed on behalf of the Mendham Township defendants only. Also, while the Mendham Township John Doe police officers are sued in their individual and official capacities, official-capacity suits against agents and employees of a municipality are to be treated as suits against the municipality itself. *See, e.g.*, *Cuvo v. De Biasi*, 169 F. App'x 688, 693 (3d Cir. 2006) (citing *McMillian v. Monroe Cnty.*, 520 U.S. 781 (1997)).

3

518 F. Supp. 2d 422, 451 (E.D.N.Y. 2007). In this regard, the Court rejects defendants' efforts to litigate by way of pre-discovery motion practice whether or not Krol's lawsuit against Crawford survives and will not expand the record before it under Fed. R. Civ. P. 12(d).[3]

B) *Discussion*

The Court is satisfied that as to Crawford, Krol has pleaded facts sufficient to state a constitutional claim. Restrictions on protests can implicate first amendment rights, which in turn can be vindicated via 42 U.S.C. § 1983. *See, e.g.*, *McTernan v. City of York*, 577 F.3d 521, 526–27 (3d Cir. 2009). Crawford directly interacted with Krol and his culpability is straightforwardly alleged. Therefore, counts one and two withstand the motion to dismiss insofar as they lodge claims against him.

However, the complaint fails to plead any facts suggesting the other Township defendants' personal involvement with Crawford's conduct. The only reference to them as participants in the events complained of is as follows:

> 22. The restrictions [on Krol's protest] were enforced by officers of the Mendham Township Police, identified herein as John Does 1 to 3, by the threat of arrest, prosecution and incarceration.

(Compl. ¶ 22.) Krol asserts in paragraph six that she was "known" to these defendants through her previous protests, but the complaint lacks pleaded facts that support this inference.[4] More to the point, this paragraph is the only portion of the complaint alleging what the non-Crawford Township defendants did; and as can be seen, two of the police John Does do not appear at all in the chronology of the day in question.

---

[3] Similarly, the Court will not reach the ADA claim and its state equivalent, which defendants attack only in the context of summary judgment.

[4] A similar paragraph recites the alleged culpability of the state-police defendants. (*See* Compl. ¶ 21.) It suffers from identical infirmities; but as discussed in footnote two *supra*, the participation of the state defendants, who may not have been served, is uncertain.

Krol's claim against the Township itself fails as well because it too is bereft of "'sufficient factual matter' to show that the claim is facially plausible." *Fowler*, 578 F.3d at 210. The three paragraphs that allude to the Township read as follows:

> 13. The Township of Mendham had no municipal ordinances directed at, or regulating, peaceful demonstrations or protests. . . .
>
> 23. On information and belief, elected and/or appointed officials of the Township of Mendham encouraged Defendant Crawford and ratified his actions directed at Plaintiff and other protesters.
>
> 24. The limitations imposed on protesters at the home of Governor Christie were an official policy of the Defendant Township of Mendham.

(Compl. ¶¶ 13, 23–24.) From these threadbare (and somewhat inconsistent) accusations and conclusory statements, the Court is unable to draw the required "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The assertions against these defendants amount to "unadorned the-defendant-unlawfully-harmed-me" accusations, *id.* (citation omitted), and the motion to dismiss is granted as to them.

### III. Conclusion

The Court grants the Medham Township defendants' motion to dismiss, solely to the extent that it requests dismissal under Fed. R. Civ. P. 12(b)(6), in all respects except as to the constitutional claims against Crawford. The motion is denied insofar as it requests the Court to grant summary judgment in defendants' favor pursuant to Fed. R. Civ. P. 12(d) and 56; accordingly, the Court has not passed on Krol's statutory claims. Should Krol amend her complaint, it must be in the form of a single, complete document containing all of her allegations and be properly served on all named defendants.

An appropriate order will be entered.

September 30, 2013 /s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J